UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANITA EMERY-COTNER, | No. 2:21-cv-1262 DB |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge's treatment of newly submitted evidence, lay witness testimony, and medical opinion evidence were erroneous.

////

////

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 14.)

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

In June of 2019, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on September 30, 2018. (Transcript ("Tr.") at 22, 533-34.) Plaintiff's alleged impairments included depression, PTSD, ADHD, degenerative disc disease, fibromyalgia, and sleep apnea. (Id. at 559.) Plaintiff's application was denied initially, (id. at 468-72), and upon reconsideration. (Id. at 475-81.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on December 9, 2020. (Id. at 397-424.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 397-401.) In a decision issued on January 6, 2021, the ALJ found that plaintiff was not disabled. (Id. at 38.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.
>
> 2. The claimant engaged in substantial gainful activity during the following periods: October 2018 to March 2019 (20 CFR 404.1520(b) and 404.1571 *et seq.*).
>
> 3. However, there has been a continuous 12-month period during which the claimant did not engage in substantial gainful activity. The remaining findings address the period the claimant did not engage in substantial gainful activity.
>
> 4. The claimant has the following severe impairments: 1) obesity; 2) a mental impairment variously diagnosed as major depressive disorder, trauma and stress related disorder, ADHD, anxiety, and personality disorder; 3) pain with physical and psychological factors; 4) iron-deficient anemia; 5) fibromyalgia; and 6) asthma (20 CFR 404.1520(c)).
>
> 5. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 6. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and the claimant can lift and carry

> 20 pounds occasionally and 10 pounds frequently, and can stand and/or walk for approximately 6 hours and sit for approximately 6 hours, in an 8-hour workday, with normal breaks. The claimant cannot climb ladders, ropes and scaffold and can occasionally climb stairs and ramps. The claimant can occasionally balance, stoop, kneel, crouch and crawl. She can frequently handle with the right hand. The claimant should have only occasional exposure to atmospheric conditions and no exposure to moving mechanical parts and high, exposed place hazards, as rated by the Dictionary of Occupational Titles (DOT). The claimant can understand, remember and carry out simple, routine and repetitive instructions and tasks. The claimant is limited to isolated work, which involves no public contact and occasional direct coworker and supervisor interaction and no group tasks. (There is no limit on incidental coworker and supervisor contact.) The claimant should perform only low stress work, which is defined as requiring only occasional changes in work setting, occasional changes in work duties and no work on a moving conveyor belt.
>
> 7. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 8. The claimant was born [in] 1971 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).
>
> 9. The claimant has at least a high school education (20 CFR 404.1564).
>
> 10. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 11. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).
>
> 12. The claimant has not been under a disability, as defined in the Social Security Act, from September 30, 2018, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 24-38.)

On June 16, 2021, the Appeals Council denied plaintiff's request for review of the ALJ's January 6, 2021 decision. (Id. at 1-7.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 19, 2021. (ECF. No. 1.)

////

////

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

////

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff's pending motion asserts the following five principal claims[3]: (1) remand is required to consider newly submitted evidence; (2) the ALJ improperly rejected the medical opinion of Dr. John Auza; (3) the ALJ failed to apply all limitations opined by Dr. Jennifer Ryan; (4) the ALJ failed to evaluate plaintiff's obesity; and (5) the ALJ failed to provide a reason for rejecting the lay witness testimony.[4] (Pl.'s MSJ (ECF No. 7) at 12-26.[5])

With respect to the newly submitted evidence, plaintiff's pending motion argues that this matter must be remanded to the ALJ to consider evidence that was submitted to, and considered by, the Appeals Council. (Id. at 19-20.)

> [W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence.

Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012).

Here, plaintiff submitted to the Appeals Council a January 26, 2021 medical opinion from Dr. John Verzosa, as well as treatment records from the Permanente Medical Group. (Tr. at 2.)

---

[3] The Court has reordered plaintiff's claims for purposes of clarity and efficiency.

[4] Because remand is required to allow the ALJ to consider the newly submitted evidence, which is consistent with plaintiff's request that this matter be remanded for further proceedings, the Court finds it unnecessary to reach plaintiff's other claims of error. See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's remaining contentions.").

[5] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

This evidence was considered by the Appeals Council. (Id.) Dr. Verzosa's opinion was detailed with respect to plaintiff's functional limitations, as well as the examinations and objective medical evidence that supported the opined limitations. (Id. at 17-18.) Moreover, the Permanente Medical Group records appear to support plaintiff's claimed mental impairments as they relate to treatment for "Major Depressive Disorder, Posttraumatic Stress Disorder, ADHD," and reflect increased and changed medication in an attempt to address those impairments. (Id at 71-74, 216-20, 334-37.)

In this regard, the record before the Court now contains additional evidence supporting the severity of plaintiff's impairments. Since the new evidence directly undermines the basis of the ALJ's decision, the Court concludes that the Commissioner's decision was "not supported by substantial evidence." Brewes, 682 F.3d at 1164; see also Burrell v. Colvin, 775 F.3d 1133, 1136 (9th Cir. 2014) ("When, as here, the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court and this court must consider when reviewing the Commissioner of Social Security's final decision for substantial evidence.").

Defendant attempts to provide reasons why the ALJ would, nonetheless, also reject this new evidence. (Def.'s MSJ (ECF No. 12) at 30-35.) While it is true that the ALJ may ultimately reject the newly submitted evidence, the Court may not speculate as to the ALJ's findings or the basis of the ALJ's unexplained conclusions. See Burrell, 775 F.3d at 1138 ("We are constrained to review the reasons the ALJ asserts."); Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); Stout v. Comm'r, 454 F.3d 1050, 1054 (9th Cir. 2006) (a reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the Commissioner).

Accordingly, for the reasons stated above, the Court finds that the Commissioner's decision is not supported by substantial evidence, and that plaintiff is entitled to summary judgment on this claim.

**CONCLUSION**

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues that this matter should be remanded for further proceedings and the Court agrees. (Pl.'s MSJ (ECF No. 7) at 26.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 7) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 12) is denied;

3. The Commissioner's decision is reversed;

////

////

////

7

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated:  September 29, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\cotner1262.ord